The comptroller assessed a transfer tax and interest thereon as against the estate of William P. Cowan, deceased, a non-resident intestate. The administrator appeals from so much of the assessment as represents interest on the tax, challenging the validity of any interest charge. (A second ground of appeal appears in the petition of appeal, alleging that interest, if chargeable, should have been at six per cent. only, instead of ten per cent., as charged by the comptroller, but this ground was not mentioned in the argument, and must, accordingly, be deemed to have been abandoned.)
The tax was assessed in respect of certain shares of stock in New Jersey corporations, owned by decedent at his death, and computed pursuant to the so-called "ratio clause," the last paragraph of section 12 of the act. The correctness of all this is conceded. *Page 290 
Section 5 of the act provides that "all taxes imposed by this act shall be due and payable at the death of the * * * intestate * * * unless in this act otherwise provided * * *."
Appellant contends that as to the tax to which decedent's estate was subject, the legislature did "otherwise provide" in the statute, and refers to the language of the first sentence in section 12, which provides:
"If a foreign executor, administrator or trustee shall assign or transfer any stock or obligation in this state standing in the name of a decedent, * * * liable to any such tax, the tax shall be paid to the treasurer of this state on the transfer thereof."
The argument is that the tax, in such a case as the present, is imposed on the "assignment or transfer" by the administrator, and not upon any other transfer; that it is made payable on such assignment or transfer and not earlier, and hence that the exaction of interest by the comptroller from the date of decedent's death was and is unlawful and erroneous.
I think that both the premises and the conclusion of this argument are clearly unsound.
Appellant cites in support of his contention Neilson v.Russell, 76 N.J. Law 655. That case decided that the tax which was imposed by our statute of 1894 was a "legacy duty and not a transfer or succession tax." In Carr v. Edwards,84 N.J. Law 667, it is held that the present statute of 1909 imposes the tax (in the case of a non-resident decedent) upon the transfer or succession from the decedent to the executor or administrator of title to personal property having its situs in New Jersey. This was also pointed out In re Dellinger, 94 N.J. Eq. 409 (at p.412). So far as is material to the present case, the statute was the same at the time of Carr v. Russell, supra, as it is now.
The first sentence of paragraph 12 does not impose any tax on an assignment or transfer by the foreign administrator, and does not purport so to do. Neither does any other part of the statute. On the contrary, it quite clearly refers to the tax imposed by section 1 — the tax on the administrator's *Page 291 
succession as above pointed out — by the words "any such tax," and goes on to provide that "the tax" (i.e., that tax), shall be paid "on the transfer thereof." The transfer which is meant in these last four words, is the transfer which is mentioned at the beginning of the sentence, the assignment or transfer by the administrator, which is not taxed by the statute.
There is no inconsistency whatever between this sentence in section 12 and the provision of section 5 that the tax is due and payable at the death of the intestate. After so providing, section 5 goes on to make provision for interest and discounts under certain circumstances, recognizing that the actual time when the tax could be paid, or could be collected, was a very different thing from the time it accrued due. It is obvious that the tax could never be paid immediately at the death of the testator. The legislature so recognizes in providing for the exaction of interest on the tax only after the expiration of a year from that death.
In section 12 the legislature, however, makes a mandatory direction, that this tax, in the case of a non-resident decedent, in so far as it is due in respect of stock or obligations in this state, shall be paid at the time the foreign executor or administrator assigns or transfers it, before the assignment or transfer will be permitted to be effectually made. This seems too clear for argument, especially in view of the immediately succeeding provisions of section 12, prohibiting corporations and persons, whose acts could be essential in effecting such assignment or transfer, from permitting or participating in any such assignment or transfer, under penalty, unless the tax be paid.
The time of any such attempted assignment or transfer is obviouly a time when the tax can be effectively and conveniently enforced and collected; such enforcement and collection might be attended with much difficulty, expense and delay, if the transfer were permitted without payment. Hence, the legislature provided that the enforcement and collection should be made at that time. That is all that is meant or intended by the provision on which appellant relies. The assessment under review will be affirmed. *Page 292 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 293